Paul Hoffman, SBN 071244
Catherine Sweetser, SBN 271142
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
Telephone:  (310) 396-0731
Fax:  (310) 399-7040

Attorneys for Plaintiff
KENNETH CLINE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CLINE, an individual | Case No. |
| Plaintiff | |
| v. | **COMPLAINT FOR DAMAGES** |
| CITY OF SANTA MONICA, a local public entity, OFFICERS BRENT WILKENING, STEVEN WONG, JAMES WEESE, VICTOR RAMIREZ, SERGEANT SANDY TERHINE-BICKLER  and DOES 1-10, | Violation of Fourth and Fourteenth Amendments, 42 U.S.C. § 1983 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Kenneth Cline ("Plaintiff" or "Mr. Cline") hereby makes the following allegations in support of this complaint:

## INTRODUCTION

1.    This case involves the senseless beating of a young man not far from his home without justification and for the purpose of causing him extreme pain and suffering.

2.    On the evening of March 4, 2013, Defendants Brent Wilkening, Steven Wong, James Weese, Victor Ramirez and Sergeant Sandy Terhine- Bickler, and other Santa Monica Police Department ("SMPD") officers whose identities are presently unknown to Plaintiff, with no reason to believe that Plaintiff posed any threat, or any other justification whatsoever, brutally beat and tased Plaintiff even though he had surrendered and posed no threat to officers or the public. As a result of Defendants' actions Plaintiff suffered serious physical and psychological injuries. Plaintiff continues to suffer injuries directly attributable to Defendants' unconstitutional and unlawful actions.

## JURISDICTION AND VENUE

3.    This case arises under 42 U.S.C. § 1983. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

## PARTIES

5.    Plaintiff Kenneth Cline brings this action individually. Mr. Cline, at all times during the events alleged in this complaint, was a resident of Los Angeles County.

6.      Defendant City of Santa Monica ("City") is a municipality duly organized under the laws of the State of California.  At all relevant times, the Santa Monica Police Department ("SMPD") was a branch or agency of City. Defendant Officers Brent Wilkening, Steven Wong, James Weese, Victor Ramirez and Sergeant Sandy Terhine- Bickler are individual employees of City.  The City is responsible for plaintiffs' injuries under 42 U.S.C. § 1983 because its policies and customs caused plaintiffs' injuries.

7.      Plaintiff is informed and believes and thereon alleges that, at all relevant times, defendants Brent Wilkening, Steven Wong, James Weese, Victor Ramirez and Sergeant Sandy Terhine- Bickler, and DOES 1-10 were employees or officials of City, a municipality of the State of California and were California police officers. Plaintiff is ignorant of the true identities and capacities of defendants DOES 1-10 and for that reason sues those defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is in some manner and to some extent liable for the injuries alleged in this Complaint.  Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of these fictitiously named defendants when they are ascertained.

8.      Plaintiff is informed and believes and thereon alleges that each defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other defendant.  Each defendant, in doing the acts, or omissions as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each defendant as agent subsequently were ratified and adopted by each other defendant as principal.  The defendants officers, including those involved in the obstruction of justice were engaged in a conspiracy to violate plaintiff's constitutional rights and were acting as co-conspirators with this aim in mind.

9.     Plaintiff is informed and believes and thereon alleges that all defendants, at all times relevant to the allegations herein, acted under the color of state law and are sued in both their individual and official capacities.

10.    In committing the acts alleged in this complaint, the individual Defendants acted knowingly, maliciously  and with reckless or callous disregard for Mr. Cline's consitutional rights justifying an award of punitive damages under federal against each individual defendant.

## MONELL ALLEGATIONS

11.    The City and its officials, with deliberate indifference to the constitutional rights of persons within its jurisdiction, maintained or permitted one or more of the following official policies or customs:

A.    Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of force;

B.    Failure to provide adequate training and supervision to police officers with respect to the proper procedures to be followed in dealing with the use of tasers.

C.    Failure to provide adequate training and supervision to police officers to prevent officers from filing false and misleading police reports to conceal officer misconduct.

Based upon the principles set forth in *Monell v. New York City Department of Social Services,* (1978) 436 U.S. 658, the City is liable for all injuries sustained by plaintiff as set forth herein.  The City's liability raises from the fact that the defendants' policies and customs were a direct and legal cause of Mr. Cline's damages.

## STATEMENT OF FACTS

12.    On March 4, 2013, at approximately 10PM, Mr. Cline was visiting with friends near his home in Santa Monica.  One of the people he was visiting with, Zach  LeDuc, appeared to have some form of psychological breakdown that evening and was behaving erratically.   At one point, Mr. LeDuc went outside and Mr. Cline followed him outside and tried to convince him to come back out of the street so that Mr. Cline and other friends could make sure he was okay and so neighbors would not be disturbed.

13.    Before Mr. Cline could get LeDuc to come inside SMPD police officers appeared at the scene.   At this point Mr. Cline had not engaged in any conduct which violated any law in any manner.  His sole focus had been to help Mr. LeDuc.   Mr. Cline was not under the influence of drugs or alcohol or impaired in any way.

14.    Mr. Cline did not want to get involved in this situation with the police which did not concern his behavior in any way.  He walked away from the officers and Mr. LeDuc initially.   He returned after a short time just in case he might be needed.  An officer belligerently told him  to sit on the ground.   To this point Mr. Cline had done nothing whatsoever that would have justified arresting or detaining him even briefly.

15.    Not knowing what to make of this situation and believing he had done nothing to justify the police detaining him against his will, Mr. Cline left the scene and went in a westerly direction across Lincoln Boulevard.  He noticed that officers were following him.   Shortly after he left the scene, after a few blocks, he decided that he should just speak to the officers and he stopped and allowed officers to catch up to him.

16. Plaintiff stopped ay Hill and Lincoln and officers Wong and Wilkening arrived.   The officers discussed what to do with him and Wilkening ordered Wong

to handcuff plaintiff.   When Wong moved to do so Plaintiff ran up Hill Street to avoid being arrested handcuffed without justification.  However, again, he decided that he should stop and speak to the officers.  He stopped and waited for them to catch up to him.   Officer Wilkening was the first to arrive.  Plaintiff apologized for running away from him and said he would not run again. Plaintiff made no threatening movements at all.   Wilkening told him to turn around and lace his fingers to be handcuffed.   Plaintiff did so and Wilkening handcuffed him.

17.    One of the other officers behind him shouted "get on the ground" and he was immediately tackled before he had a chance to comply with this order. One of the officers put him in a headlock as they tackled him to the ground while he was handcuffed.   He tried to tell the officers that he could not breathe but he had difficulty doing so because of the headlock.  Mr. Cline lost consciousness. The officers beat him viciously for several minutes.  Mr. Cline was beaten with officers' fists including numerous blows to the face and head area.   Officers also used a taser on his body during the beating.   Mr. Cline was beaten so badly that he appeared to bystanders to be dead.  Defendants beat him after he had lost consciousness.   At no point during this entire incident did Plaintiff physically or verbally resist any officer.  He had no weapon.  He never made any aggressive movement toward any officer.   He was beaten after he was handcuffed and under police control.

18.    Mr. Cline was rushed to UCLA Medical Center by ambulance to diagnose and treat his injuries.   In the aftermath of the beating Cline was in tremendous emotional distress and physical pain.

19.    After receiving treatment at UCLA Mr. Cline was returned to the custody of the SMPD and he was transferred to Los Angeles County Jail.   He remained in Los Angeles County Jail until March 8, 2013.  He was arraigned on March 7, 2013.

20.    Mr. Cline was charged with felony resisting arrest with intent to do

bodily harm and with being under the influence of drugs.   These charges were false.

21.   Ultimately, Mr. Cline agreed to plead no contest to a misdemeanor charge of delaying arrest under Penal Code § 148.  He received nine months probation, credit for time served in jail and paid a small fine.  He did so not because he was guilty of these charges but to resolve this matter in light of the absurd charges made against him.   On information and belief, Defendants conspired to prepare false police reports charging Plaintiff with these serious offenses in order to cover up their brutal treatment of Plaintiff, especially because they believed that he was very seriously injured.

22.   Defendant Officer Brent Wilkening (#3709) was one of the officers who first contacted Mr. Cline as he tried to assist Zach Leduc.   Defendant Wilkening was responsible for falsely accusing Plaintiff of public intoxication and resisting arrest.  He was also one of the officers who beat Mr. Cline without justification when Mr. Cline was arrested on the West side of Lincoln Boulevard.

23.   Defendant Sergeant Sandy Terhune-Bickler (#2766) also encountered Plaintiff at the outset of Plaintiff's encounter with police.  Sergeant Terhune-Bickler was in a position to prevent Plaintiff from being subjected to false arrest and excessive force and did nothing to control the officers under her command.

24.   Defendant Officer Steven Wong (#2972) is one of the officers who used excessive force against Plaintiff.  In particular, he is one of the officers who used a taser against Plaintiff's body without justification.

25.   Defendant Officer James Weese (#3765) is one of the officers who used excessive force against Plaintiff.  In particular, he is one of the officers who used a taser against Plaintiff's body without justification.

26.   Defendant Officer Walter Ramirez (#3407) is one of the officers who used excessive force against Plaintiff.

27.   All of the defendants submitted false police reports in order to cover up their own misconduct and the misconduct of other officers.

28.    All of the defendants had the ability to prevent other officers from committing unconstitutional and unlawful acts causing injury to Plaintiff and failed or refused to do so.

## CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

## (AGAINST ALL DEFENDANTS)

29.    Plaintiff hereby incorporates by reference paragraphs 1 through 28 herein, as if set forth in full.

30.    Defendants actions  deprived plaintiffs of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff brings his claims for damages for the violation of these rights  based on 42 U.S.C. § 1983.

31.    Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments, inter alia, by subjecting him to excessive force by beating and kicking him and by using a taser against him without justification.   Defendants had absolutely no justification to use any force against Plaintiff.  In addition, defendants detained plaintiff without probable cause for an extended period of time knowing that they had no justification to detain him at all.   Defendants prepared false police reports and made false charges about Plaintiff's actions that caused him to be falsely charged and detained from March 4 to March 8, 2013. In committing these egregious acts defendants acted with intentional and deliberate indifference to plaintiffs constitutional rights.

32.    As a direct and legal result of the acts and omissions of defendants, Mr. Cline has suffered great bodily injury, humiliation, fear, anxiety, torment, degradation, extreme emotional distress, loss of earnings, and moving expenses.

33.    Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare

and safety of plaintiffs, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

pain and suffering, humiliation, fear, anxiety, torment, degradation, extreme emotional distress, medical expenses, loss of earnings, and moving expenses.

**WHEREFORE**, Plaintiff respectfully request relief as follows:

34.     The award of general and compensatory damages against all Defendants, jointly and severally, in an amount according to proof at trial;

35.     The award of punitive and exemplary damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

36.     The award of any and all other damages allowed by law according to proof to be determined at time of trial in this matter;

37.     The award of costs of suit and reasonable attorneys' fees pursuant to 42 U.S. §1988.

38.     The award of such other relief as the court deems just and proper.


Dated: February 20, 2015                SCHONBRUN DESIMONE SEPLOW
                                        HARRIS & HOFFMAN, LLP


                                        By: s/ Paul L. Hoffman

                                            Paul Hoffman
                                            Catherine Sweetser

                                            Attorneys for Plaintiff

1

2 **DEMAND FOR JURY TRIAL**

3        Plaintiffs hereby respectfully demand that a trial by jury be conducted with

4 respect to all issues presented herein.

5

6

7

8 Dated: February 20, 2015                SCHONBRUN DESIMONE SEPLOW
                                          HARRIS & HOFFMAN, LLP

9
                                          By: s/ Paul L. Hoffman
10
                                              Paul Hoffman
11                                            Catherine Sweetser

12                                            Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28